## In re GRAFF et al.

### Petition of PEOPLE'S TRUST CO.

(District Court, E. D. New York. August 9, 1918.)

BANKRUPTCY ⊂⊃228—REVIEW OF ORDER OF REFEREE—SCOPE.

On a petition to review an order of a referee, the court will not review the order under which the matter was referred to the referee for hearing.

In Bankruptcy. In the matter of G. Edward Graff and Thomas F. Nevins, individually and as copartners as G. Edward Graff & Co., bankrupts. On motion to confirm order of referee and petition of the People's Trust Company to revise said order. Motion to confirm granted.

Petition to revise dismissed 255 Fed. 241, —— C. C. A. ——.

See, also, 242 Fed. 577; 250 Fed. 997, —— C. C. A. ——.

J. Herbert Watson and Michael M. Helfgott, both of Brooklyn, N. Y., for the motion.

Walter H. Merritt and David W. Kahn, both of New York City, opposed.

GARVIN, District Judge. This is a motion to confirm a report and order made by Virtus L. Haines, Esq., referee in bankruptcy, finding that the People's Trust Company, as executor of Edward Johnson, deceased, is not a creditor of the bankrupt herein; that such property of the former bankrupt Nevins as may have come into the hands of the trustee is surplus property to be disposed of as provided by the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [Comp. St. §§ 9585–9656]), and directing the trustee to deliver to Thomas F. Nevins, the former bankrupt, such property of the latter as may have come into his possession, and for that purpose to execute and deliver all necessary instruments to effectuate such transfer.

In 1901 Graff and Nevins became bankrupts, and thereafter in 1903 the estate was closed and the trustee and the bankrupts were discharged. Johnson, while the estate was being administered, became the owner by assignment of every claim filed except one (for $12) which was paid, and, subject to the payment of the expenses of administration, received all the property of the estate in the hands of the trustee, which was not sufficient to pay in full the filed claims. In 1916 the People's Trust Company, claiming to be a creditor of the bankrupt, as executor of Edward Johnson, then deceased, made an application to reopen the estate, alleging that there were assets still in the hands of Nevins which should have been scheduled in the bankruptcy proceeding and delivered to the trustee. The court denied the application to reopen, finding that Johnson was not a creditor of the bankrupt's estate, and in the order of denial directed that the former trustee execute a document validating the title of Nevins to the assets which were in his hands. On appeal, the Circuit Court of Appeals, after holding that the finding of the court below that Johnson was

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not a creditor was warranted, reversed the order, except as to the portion thereof denying the motion to reopen—in that respect, affirming the order. 250 Fed. 997, —— C. C. A. ——.

Thereafter Nevins made an application for an order opening this proceeding and for the election of a trustee to administer the assets owned by him (Nevins) at the time of his bankruptcy and not scheduled by him, subject to the order and control of this court. This motion was granted, and an order made opening the proceeding for the purpose of proceeding therein according to law and directing that the proceeding be referred to Virtus L. Haines, Esq., as referee, to take such action as may be necessary in the premises, to conduct the proceeding, and to administer the assets according to law. The referee, after appointing a trustee, made an order finding that the People's Trust Company, acting as executor of the estate of Edward Johnson, deceased, is not a creditor and has no right to file a proof of claim, and therefore had no right to examine the bankrupt or witnesses, and that such property of the bankrupt Nevins as may have come into the hands of the trustee, is surplus property, to be disposed of as provided for by the Bankruptcy Act, and directing that the trustee be authorized to deliver such property of the former bankrupt Nevins as may have come into his possession, subject to the payment of the expenses of this proceeding, to said Nevins, or such other person from whom the same was received, and for that purpose that he execute and deliver all necessary instruments to effectuate such purpose. The former bankrupt Nevins has now moved to confirm this order, while the People's Trust Company has filed a petition that the order be reviewed, claiming that the referee had no power to appoint a trustee. All these facts appear to have been before the court when the order opening the proceeding was made. Whether or not I would have made an order opening the proceeding under such circumstances, I am of the opinion that orderly procedure requires that I should not make any order which would in effect review an order already made. There could have been no reason for opening the proceeding and referring the matter to the referee, except to permit the latter to make such an order as is now before the court.

Accordingly the motion is granted, and the order made by the referee, directing the trustee to turn over property, is affirmed.